**STATE of Minnesota, Respondent,**

v.

**Donald Ray AMOS, Appellant.**

No. 47067.

Supreme Court of Minnesota.

Jan. 20, 1978.

C. Paul Jones, Public Defender, Rosalie E. Wahl, Special Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Gary W. Flakne, County Atty., Vernon E. Bergstrom, Chief, Appellate Division, David W. Larson, Phebe S. Haugen, and Lee Barry, Asst. County Attys., and Sheila Regan Faulkner, Law Clerk, Minneapolis, for respondent.

PER CURIAM.

Defendant was found guilty by a district court jury of simple robbery, Minn.St. 609.-24, and was sentenced by the trial court to a maximum indeterminate term of 10 years in prison. On appeal from judgment of conviction defendant contends (1) that the manner in which the prosecutor elicited in-court identification of defendant by the victim violated due process, (2) that the trial court violated defendant's rights when it attached certain conditions to the granting of a midtrial continuance sought by defendant, (3) that the prosecutor committed prejudicial misconduct in his closing argument, and (4) that Minnesota's notice-of-alibi rule is unconstitutional. We affirm.

1. Although defense counsel did not object at trial to the manner in which the prosecutor elicited the victim's in-court identification of defendant, we nonetheless have examined the record carefully. We do not find that the prosecutor improperly prompted the witness or that there is any substantial likelihood that defendant was inaccurately identified as one of the robbers. *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977).

2. The issue of the continuance arose on a Friday at the start of the de-

fendant's case. Defendant was granted a half-day recess so that an alibi witness could be located who had failed to comply with a subpoena ordering him to be present. At about 2 p.m., when it became apparent that the witness could not be located that day, defense counsel moved for a weekend continuance. The court, after some discussion, agreed to grant the continuance provided that (a) defendant call all its other witnesses who were available and (b) that the prosecutor be permitted to ask in front of the jury the name of the witness the defense was trying to locate. Defendant, who testified on Friday and then decided to rest without trying to locate the witness over the weekend, contends on appeal (as he did at trial) that these conditions violated his rights.

Defendant contends that the first condition denied him his right to freely decide whether and when to testify. Specifically, defendant contends that he might not have testified at all if he had been permitted to delay the decision until after this witness had testified, but that he was pressured into doing so when the court in effect told him he would lose his right to testify if he did not testify on Friday. In making this argument defendant refers us to *Brooks v. Tennessee*, 406 U.S. 605, 92 S.Ct. 1891, 32 L.Ed.2d 358 (1972), in which the United States Supreme Court struck down as unconstitutional a statute which required a criminal defendant to testify first or not at all.

In our opinion, the record does not bear out defendant's contention that he might not have testified at all if he had been permitted to wait until after the missing witness had testified. In fact, in his opening statement, made immediately after the prosecutor's opening statement, defense counsel made it clear that defendant would testify.

The second part of defendant's argument relating to the first condition is that he was forced to testify first when he would have preferred to testify after the witness he was trying to locate. The validity of this argument depends on whether the second condition caused the defendant to give up his attempt to locate the missing witness. In our opinion, the record suggests that there was an independent reason that defense counsel decided against trying to locate this witness, that being his belief that if the witness testified, the state would produce rebuttal evidence.

In conclusion, we need not decide the issue of the propriety of the conditions because the record will not support a determination that defendant was in any way adversely affected by them.

■ 3. While the prosecutor in his closing argument did make an improper argument, defense counsel objected to it promptly and the trial court sustained the objection. Further, the trial court correctly instructed the jury on the applicable principles of law. In view of these factors and the overwhelming evidence of defendant's guilt, we do not think there is any reasonable likelihood that the misstatement infected the verdict.

■ 4. Defendant's final contention is that the notice-of-alibi rule in the Minnesota Rules of Criminal Procedure—see Rule 9.02, subd. 1(3)(c)—is unconstitutional because it does not require the prosecutor to give defendant notice of which of the state's witnesses the state intends to call to rebut the alibi testimony, whereas defendant is required to specify which defense witnesses might be called to present alibi testimony. We do not reach this issue. Defense counsel did not raise the issue in the trial court, and there is nothing in the record to show that defendant was in any way adversely affected by the procedures used. The record suggests that in fact defense counsel was fully aware of the potential rebuttal witnesses and that this was the reason he decided against calling any witnesses other than defendant.

Affirmed.

WAHL, J., took no part in the consideration or decision of this case.